**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEFF SOBOROFF,

      Plaintiff - Appellant,

v.

JOHN DOE, FNU BRYAN,

      Defendants - Appellees,

_____

JEFF SOBOROFF, aka Jeffrey A. Soboroff,

      Plaintiff - Appellant,

v.

FEDERAL TRANSFER CENTER;
LEVENWORTH DETENTION CENTER;
POLK COUNTY JAIL, Des Moines, Iowa;
OTTUMWA RESIDENTIAL FACILITY,
Ottumwa, Iowa; MUSCATINE COUNTY
JAIL, Muscatine, Iowa; UNITED STATES
MARSHAL SERVICE; UNITED STATES
OF AMERICA; FNU CHAPMAN; FTC;
JOHN DOE, Physician's Assistant,

      Defendants - Appellees.

No. 13-3285
(D.C. No. 5:13-CV-03075-SAC)
(D. Kan.)

No. 13-6257
(D.C. No. 5:13-CV-00599-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't be of material assistance in the determination of these appeals. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and

(continued)

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Jeffrey Soboroff, pro se,[1] raises three issues concerning his treatment while incarcerated. He complains that he has been denied access to the Bureau of Prisons (BOP) grievance process, to appropriate religious accommodations, and to proper medical care. To that end, he has filed civil actions in the United States District Courts for the District of Kansas (Case Number 13-3285) and the Western District of Oklahoma (Case Number 13-6257).[2] The District of Kansas dismissed his case for a failure to prosecute. And the Western District of Oklahoma dismissed his case for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii). After consolidating Soboroff's appeals, we affirm both orders.[3]

---

judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] We liberally construe pro se filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

[2] These appeals aren't Soboroff's first time alleging problems with his religious accommodations. He brought a similar suit in the Southern District of Iowa that the court dismissed for failure to state a claim under 28 U.S.C. § 1915A(b)(1). *Soboroff v. U.S. Fed. Gov't*, 534 F. App'x 573, 573–74 (8th Cir. 2013). The United States Court of Appeals for the Eighth Circuit affirmed. *Id.* at 574. This previous case counts as a strike under 28 U.S.C. § 1915(g). *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

[3] He requests *in forma pauperis* (*ifp*) status for both appeals. We authorize him to proceed *ifp* for Case Number 13-3285. We don't address the *ifp* motion for Case Number

(continued)

CASE NUMBER 13-3285

Soboroff filed his case in the District of Kansas on April 16, 2013. He neither paid the filing fee nor moved for *ifp* status. Through mid-June, he submitted 29 separate filings but never addressed the filing fee. He filed nothing from June to October.

On October 3, 2013, the district court entered an order directing that by October 25 Soboroff pay the filing fee or submit an *ifp* motion. If he didn't, the court warned that it would dismiss the case without prejudice for a failure to prosecute. On October 29, after receiving no response from Soboroff, the court dismissed the case without prejudice. But that same day, the court received back in the mail its October 3 order marked "NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD," with a handwritten notation, "RTS Gone." No. 13-3285, R. at 170. Afterward, the court learned from Soboroff's next filing that he had been transferred to a different correctional facility. On November 14, Soboroff filed a notice of appeal.[4]

"We review for an abuse of discretion an order dismissing an action for failure to prosecute." *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d

---

13-6257 because the Western District of Oklahoma already granted it. *See* Fed. R. App. P 24(a)(2).

[4] The district court attempted to reopen the case on February 11, 2014 because Soboroff hadn't received the October 3, 2013 order. The district court wasn't free to reopen the case because the filing of the notice of appeal divested it of jurisdiction. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

1233, 1236 (10th Cir. 2009). Under Federal Rule of Civil Procedure 41(b) a district court may dismiss a case *sua sponte* for failure to prosecute. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007). "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted).

In his notice of appeal, Soboroff alleged as follows:

> Plaintiff <u>did</u> motion court to proceed in forma pauperis in good faith as Leavenworth staff did refuse to respond to his requests to provide documentation of his [indigent] status.
> . . . .
> Staff did open and read Plaintiff's legal correspondence from the court and [illegible] no doubt did prevent his <u>timely</u> motion requesting permission to proceed in forma paupris [sic] in good faith.

No. 13-3285, R. at 180. We can't tell what this means, but it appears to seek to excuse his failure to file the *ifp* motion. In his briefs to this Court filed about a month later, Soboroff didn't allege that he'd in fact filed the *ifp* motion—instead he complained that the district court had failed to appoint him counsel and that he'd been denied access to a law library. He offered no excuse for his failing to pay the filing fee or to move for *ifp* status.[5] Instead, he argued the merits of his underlying claims—which are various allegations of his improper treatment during incarceration.

---

[5] In an October 31, 2013 filing to the district court, Soboroff vaguely alluded that he hadn't written the court because he had restricted access to his files and the court's address. On appeal, he never substantiates an argument that he didn't pay the filing fee or move for *ifp* status because of restricted access to his files. We decline to

(continued)

- 4 -

Soboroff isn't entitled to relief. First, the record shows that he didn't file an *ifp* motion until the day the notice of appeal was docketed, November 14, 2013. Second, while he might be claiming that correctional staff prevented him from submitting an *ifp* motion by reading his incoming mail from the court, he doesn't even allege that he couldn't send mail out of the prison. In fact, we can see that during the same time period he sent numerous timely filings to the Western District of Oklahoma, including an *ifp* motion that the court granted. Soboroff presents no justifiable reason for his failure to pay the filing fee or move for *ifp* status. Accordingly, we conclude the district court didn't abuse its discretion, and we affirm the dismissal order. *See, e.g.*, *House v. Utah*, 129 F. App'x 432, 434 (10th Cir. 2005) (affirming a Rule 41(b) dismissal for failure to pay an *ifp* partial payment, in part, because the appellant only argued the merits of his suit).

## CASE NUMBER 13-6257

Soboroff also filed a complaint in the Western District of Oklahoma on June 7, 2013 while he was incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma (FTC OKC). He filed an amended complaint on July 1 and what appears to be a brief in support of the complaints on July 26.[6] Although the amended complaint

consider any such possibility because "arguments not briefed on appeal are waived." *United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002).

[6] "[I]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).

- 5 -

named numerous defendants in the caption, the body alleged claims against only FTC OKC employees "Chapman, FNU" and "Physician[']s Assistant[,] name unknown." No. 13-6257, R. at 10–11. It alleged three claims for relief arising from a denial of Soboroff's access to the BOP grievance procedure, a denial of religious accommodation, and a denial of court-ordered medication and appropriate medical care. Soboroff also filed a motion to proceed *ifp*, which the magistrate judge granted on July 18.

The magistrate judge screened Soboroff's case under 28 U.S.C. §§ 1915A(a) and 1915(e)(2) and issued a Report and Recommendation (R&R) to the district court. *Soboroff v. Fed. Transfer Ctr.*, No. CIV-13-599-D, 2013 WL 4788614, at *2–*3 (W.D. Okla. Sept. 9, 2013). The magistrate judge construed Soboroff's allegations as asserting claims under the remedy provided by *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), but dismissed each claim. *Soboroff*, 2013 WL 4788614, at *3–*5; *see Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001) ("In [*Bivens*], we recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."). As to defendant Chapman, the magistrate judge concluded that Soboroff's allegations failed to state a claim because there is no constitutionally protected right to use the BOP grievance procedure and because Soboroff didn't allege Chapman's personal involvement in a constitutional violation. *Soboroff*, 2013 WL 4788614, at *3. The magistrate judge dismissed the claim against the unnamed physician's assistant because Soboroff's

factual allegations were too vague, and he failed to allege the assistant's actual or constructive knowledge of his substantial health risk as required by the deliberate indifference test for an Eighth Amendment violation. *Id.* at \*4; *see Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994) (defining the deliberate indifference test under the Eighth Amendment). All potential remaining claims were dismissed for a failure to name a defendant and to provide essential factual allegations. *Soboroff*, 2013 WL 4788614, at \*4.

After considering Soboroff's timely objections, the district court adopted the magistrate judge's R&R, and dismissed Soboroff's claims without prejudice. *Id.* at \*2. Soboroff now appeals. In his brief to this Court, Soboroff confirms that he only intended to sue Chapman, the physician's assistant, and FTC OKC.[7] But his brief only makes fleeting references to the district court's dismissal of the amended complaint before making new allegations of due process violations.

We review de novo the dismissal of a prisoner's case for failure to state a claim under § 1915(e)(2)(B)(ii). *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001). "Notably, in reviewing the dismissal of a complaint, all well-pleaded facts, as

---

[7] In his R&R, the magistrate judge concluded that Soboroff had voluntarily dismissed FTC OKC as a defendant because Soboroff never named the facility in the amended complaint (except in the caption). *Soboroff*, 2013 WL 4788614, at \*2. We agree. Soboroff's amended complaint never names FTC OKC in relation to a claim for relief. And, even if it did, he doesn't present a theory allowing for recovery against a federal agency. *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("*Bivens* claims cannot be asserted directly against . . . federal agencies."). Therefore, we only address potential claims against Chapman and the physician's assistant.

distinguished from conclusory allegations, must be taken as true. *In addition*, we will take the allegations in the plaintiff's objections to the magistrate's report and recommendation as true." *Id.* at 1289 (internal quotation marks omitted). "We review the complaint for plausibility; that is, to determine whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009) (internal quotation marks omitted).

We agree with the district court that Soboroff's complaint raises *Bivens* claims because it can only be logically construed as a private action seeking damages from federal employees for alleged constitutional violations. *See Malesko*, 534 U.S. at 66. And we agree that none of Soboroff's claims present a plausible *Bivens* claim because he fails to allege sufficient facts—even taken as true and construed liberally—that amount to a constitutional violation and personal involvement by the named defendants.

In his first claim for relief, he alleges that Chapman denied him access to the BOP grievance process and that the denial amounts to a constitutional violation. *See* 28 C.F.R. §§ 542.10–542.19 (containing BOP grievance regulations). But, as the district court noted, the BOP grievance process is not a constitutional right. *Green v. Corr. Corp. of Am.*, 401 F. App'x 371, 375 n.4 (10th Cir. 2010) ("[N]or did [the prisoner] have a constitutional right to use the prison grievance procedure."); *see Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011) ("[T]here is no independent constitutional right to state [prison] administrative grievance procedures."). Even if

- 8 -

we construe Soboroff's allegations to mean that Chapman had denied one or more of Soboroff's grievances, that denial must be connected to a violation of a constitutional right. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating, in the 42 U.S.C. § 1983 context, "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation"). Soboroff's first claim fails because it doesn't plead facts that amount to both a constitutional violation and personal involvement by a named defendant.

In his second claim for relief, Soboroff generally alleges a denial of religious accommodation, but he fails to allege *who* denied it. *See Pahls v. Thomas*, 718 F.3d 1210, 1231 (10th Cir. 2013) ("Liability under § 1983 and *Bivens* requires personal involvement."). This claim fails as well.

In his third claim for relief, he alleges that an unnamed physician's assistant at FTC OKC denied him access to medication for dental and back conditions.[8] We agree with the district court's interpretation that this claim is meant to assert an Eighth Amendment violation.[9] An Eighth Amendment violation requires deliberate

---

[8] Soboroff alleges that these medications must be provided to him as ordered by a federal judge or magistrate judge in the case "Soboroff v. Weilbrenner (8th Cir. 2009-11)." No. 13-6257, R. at 13. Soboroff provides no citation and didn't attach a copy of the order to any of his filings. We couldn't find a case ordering his access to medication.

[9] In the amended complaint where Soboroff named the physician's assistant as a defendant, he made a one-off reference to the Americans with Disabilities Act of 1990 (ADA), Pub. L. No. 101-336, 104 Stat. 327. However, he never listed the ADA

(continued)

indifference, which "means that the prison official knew of and disregarded an excessive risk to prisoner health or safety." *Green*, 401 F. App'x at 375 (citing *Farmer*, 511 U.S. at 837). Soboroff claims he has a head injury, a spinal condition, and a periodontal condition. For these conditions, he claims he needed lumbar support while sleeping, muscle relaxants and pain relievers, and peroxide to stop oral bleeding. Even if we assume Soboroff's amended complaint states enough facts to show that these conditions posed a substantial health risk, nothing in the complaint suggests that the physician's assistant knew of that risk or deliberately disregarded it. Furthermore, the alleged conditions aren't so obvious that a reasonable physician's assistant would plausibly have had constructive knowledge without being told. *See Farmer*, 511 U.S. at 840 (stating that deliberate indifference may be satisfied by actual or constructive knowledge). Soboroff's third claim also fails.

In sum, we see no error in the district court's dismissal of Soboroff's claims. After our affirmance, the district court's dismissal counts as a strike against Soboroff under § 1915(g). *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

## CONCLUSION

---

as a claim for relief, and he doesn't allege any facts for us to determine the nature of a possible claim. We agree with the district court that, to the extent he intended to do so, Soboroff failed to state a claim under the ADA. *Soboroff*, 2013 WL 4788614, at *4.

For the aforementioned reasons, we affirm both the district courts' orders dismissing Soboroff's cases.

Entered for the Court


Gregory A. Phillips
Circuit Judge