**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID J. MYERS,

      Plaintiff–Appellant,

v.

BUREAU OF PRISONS MAILROOM
STAFF, unknown unidentified mailroom
personnel, FCI-Englewood, individual
capacities; MR. K. MORGAN, individual
capacity (first name unknown to plaintiff);
MRS. R. HUFNAGLE, individual
capacity (first name unknown to plaintiff);
MR. RENE GARCIA, individual
capacity; MR. PAUL LAIRD, individual
capacity; MR. HARRELL WATTS,
individual capacity,

      Defendants–Appellees.

No. 14-1131
(D.C. No. 1:13-CV-03491-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

    [*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

David Myers, a federal inmate being held in Colorado, appeals the dismissal of his civil rights complaint and the denial of his motion to alter or amend that judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Myers is an inmate at a Federal Correctional Institution in Littleton, Colorado ("FCI-Englewood"). He filed suit alleging, in eleven claims brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971),[1] that several named and unidentified Federal Bureau of Prisons ("BOP") personnel interfered with Myers' ability to pursue the BOP's administrative remedy procedure. The district court dismissed Myers' complaint as legally frivolous under 28 U.S.C. § 1915A(b)(1), and subsequently denied a motion to alter or amend the judgment. Myers appeals.

## II

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). "[T]his court has not yet determined

---

[1] We agree with the district court that although Myers also listed 42 U.S.C. §§ 1981, 1985, and 1986 in the jurisdiction portion of his amended complaint, he does not assert claims pursuant to those statutes.

whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed de novo or for abuse of discretion." Plunk v. Givens, 234 F.3d 1128, 1130 (10th Cir. 2000). Because we would not reverse the district court's decision under either standard, we do not resolve the question of which standard of review applies. The denial of a Rule 59(e) motion is reviewed for abuse of discretion. Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). We construe the filings of a pro se litigant liberally, but we do not "assume the role of advocate." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

On appeal, Myers contends that the district court failed to liberally construe his pro se claims and misunderstood his position and the facts underlying his claims. He provides little explanation of the district court's alleged errors, and our independent review of his petition supports the court's conclusion that Myers' claims all arise out of purported interference with his efforts to complete the BOP administrative remedy procedure.

We have held that "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." Little v. Jones, 607 F.3d 1245, 1250 (10th Cir. 2010). The BOP grievance process, however, "is not a constitutional right." Soboroff v. Doe, Nos. 13-3285 & 13-6257, 2014 WL 2871690, at *3 (10th Cir. June 25, 2014) (unpublished); see also Green v. Corr. Corp. of Am., 401 F.

-3-

App'x 371, 375 n.4 (10th Cir. 2010) (unpublished) (prisoner did not have "a constitutional right to use the prison grievance procedure").  Because Myers' complaint does not allege a constitutional violation as required by <u>Bivens</u>, it fails to state a claim upon which relief may be granted.  <u>See</u> <u>Pahls v. Thomas</u>, 718 F.3d 1210, 1228 (10th Cir. 2013).  It is well settled that a complaint that fails to state a claim is not necessarily frivolous, <u>Neitzke</u>, 490 U.S. at 328-29, but both frivolousness and failure to state a claim are grounds for mandatory dismissal under § 1915A(b)(1).

Myers contends that the district court failed to address his claim of theft.  In his operative complaint, Myers suggests that his rights and good time credits were stolen, allegations which include the word "theft" but are actually part of his claims regarding the grievance procedure, discussed above.  The complaint also asserts, in a section titled "Nature of the Case," that Myers' personal property—labeled as "(SPECIAL/LEGAL MAIL)"—was taken.  His eleven claims, however, do not allege theft, but rather only that mail disappeared or did not receive a response.  Thus, even accepting all well-pled allegations in the complaint as true and interpreting them in the light most favorable for Myers, <u>Burnett v. Mortg. Elec. Registration Sys., Inc.</u>, 706 F.3d 1231, 1235 (10th Cir. 2013), he has not set forth a claim of theft sufficient to meet the pleading standard as it is explained in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  In <u>Ashcroft</u>, the Court stated that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  <u>Id.</u> at

-4-

678 (quotations omitted).  To the extent Myers' claim of theft was not subsumed in his allegations regarding the administrative remedy process, dismissal is nonetheless appropriate.  See § 1915A(b)(1) (permitting dismissal of complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted").  There are no grounds to reverse the court's denial of Myers' motion to alter or amend its judgment of dismissal.

**III**

For the foregoing reasons, we **AFFIRM** the district court's dismissal pursuant to § 1915A(b)(1).  That dismissal counts as a strike under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999).  We do not impose an additional strike based on this appeal, which was not frivolous.  Jennings, 175 F.3d at 780.  We **GRANT** Myers' motion to proceed in forma pauperis on appeal and remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-5-