FILED
United States Court of Appeals
Tenth Circuit

August 23, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DEROYALE ARDEANE JOHNSON,

Plaintiff-Appellant,

v.

SHYLAH RICHINS, Med Tech, at the
Utah State Prison, individually;
BILLIE CASPER, Grievance
Coordinator at the Utah State Prison,
individually,

Defendants-Appellees.

No. 10-4171
(D.C. No. 2:08-CV-00945-CW)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **HOLLOWAY** and **PORFILIO**, Senior Circuit
Judges.

---

In this 42 U.S.C. § 1983 civil rights action, DeRoyale ArDeane Johnson, a

Utah state prisoner appearing pro se, appeals from the district court's entry of

summary judgment on his claim that defendants violated his constitutional rights

---

[*]        After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

by temporarily withholding his pain medication and unfairly dealing with his related grievances. We affirm.

I.

While he was an inmate at the Utah State Prison, Mr. Johnson was prescribed three daily doses of Neurontin to treat ongoing orthopedic pain and Darvocet for five-days of post-surgery pain relief. Both medications have the potential for abuse, such as consumption for non-therapeutic purposes or distribution to others. Under prison procedures, a medical technician conducts a pill line twice a day, morning and evening. In the morning pill line, inmates who take three doses of a medication must demonstrate that they have swallowed the morning dose before they are given a midday dose to take independently.

The parties agree on the core facts underlying Mr. Johnson's lawsuit. During the morning pill line on July 2, 2007, Defendant Richins, a medical technician, accused Johnson of "cheeking" (pretending to swallow) his first dose. Ms. Richins' report of the incident led to a decision by the supervising physician assistant to discontinue Mr. Johnson's medications, but allow him to submit an Inmate Care Request for reinstatement. Ms. Richins informed Mr. Johnson of the decision in that evening's pill line and advised him of the process to re-establish his prescriptions. Mr. Johnson completed the request form the next day.

After the Independence Day holiday, on July 5, several medical providers examined Mr. Johnson and ordered diagnostic testing. Based on test results, the

-2-

providers gave him antibiotics for an infected incision, Tylenol, and laxatives. On July 9, Mr. Johnson completed another form, asking to be put back on Neurontin for his orthopedic pain. But when seen by a physician assistant, he refused to discuss the pill-line incident. The physician assistant referred the matter to his supervisor. At a medical visit on July 17, the supervising physician assistant reinstated the Neurontin prescription, but not the expired Darvocet prescription.

Mr. Johnson filed his civil-rights complaint naming Ms. Richins (the pill-line medical technician), Billie Casper (the prison grievance coordinator), and several John Does as defendants. He alleged that the fifteen-day denial of Neurontin and the two-day denial of Darvocet violated his right to be free from cruel and unusual punishment and that difficulties in receiving satisfactory responses to his grievances violated his right to due process. Defendants complied with the district court order to provide a report pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), containing relevant witness testimony, documents, and administrative rules or policies.

Along with the *Martinez* report, defendants filed a motion for summary judgment. The district court granted the motion and entered judgment in favor of defendants, concluding that defendants were not deliberately indifferent to his serious medical needs and did not violate his due-process rights. Mr. Johnson

appeals. He argues that the district court erred in its evaluation of the pill-line incident and the grievance record.[1]

## II.

We review de novo the district court's entry of summary judgment on Mr. Johnson's claims. *See Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006). Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because Mr. Johnson appears pro se, we construe his pleadings liberally. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

"A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs—if he knows of and disregards an excessive risk to inmate health or safety." *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) (internal quotation marks omitted); *see also Hudson v. McMillian,* 503 U.S. 1, 9 (1992) ("Because society does not expect that prisoners will have unqualified access to

---

[1]     Mr. Johnson now asserts that Ms. Richins filed a false report of the pill-line incident in retaliation for his propensity to file grievances against medical staff. Additionally, he asks this court to hold other medical providers liable for deliberate indifference to his medical needs. In the absence of "extraordinary circumstances," this court does not "consider arguments raised for the first time on appeal." *Turner v. Pub. Serv. Co. of Colo.,* 563 F.3d 1136, 1143 (10th Cir. 2009). We see no reason to depart from the general rule in Mr. Johnson's case.

health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"). The record does not show either deliberate indifference on the part of Ms. Richins or substantial harm to Mr. Johnson. In fact, as the district court stated, it demonstrates "that the entire medical staff was solicitous of Plaintiff's needs and made substantial efforts to ensure Plaintiff's well being." R. at 550.

And Mr. Johnson's claim that Ms. Casper mishandled his prison grievances does not implicate any due-process rights. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (holding that state-created liberty interests protected by the Due Process Clause are "limited to freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *see also Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation."). The district court's entry of summary judgment was appropriate.[2]

---

[2] To the extent Mr. Johnson may be arguing that his due-process rights were violated by the denial of his motion to appoint counsel, we review the district court's order for an abuse of discretion. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* (internal quotation marks omitted). We readily conclude that there has been no fundamental unfairness in this case.

The judgment of the district court is AFFIRMED.  Mr. Johnson's motion for appointment of counsel is DENIED, as is his motion to proceed on appeal without prepayment of costs or fees.  He is ORDERED to pay the unpaid balance due on his appellate filing fee immediately.

Entered for the Court


John C. Porfilio
Senior Circuit Judge