FILED
United States Court of Appeals
Tenth Circuit

September 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHAYNE E. TODD,

      Plaintiff–Appellant,

v.

ALFRED BIGELOW, Warden; DENNIS
SORENSEN, also known as FNU
Sorenen; JOHN IRONS, also known as
FNU Irons; RICHARD GARDEN,
Doctor; BRUCE BURNHAM, Doctor;
JASON OKERLUND; SARA
DONALDSON; STEVEN
FITZGERALD; STEVEN HYATT, also
known as FNU Hyatt; MEL COULTER,
Captain; TOM ANDERSON, Captain,

      Defendants–Appellees.

No. 12-4042
(D.C. No. 2:09-CV-00808-DAK)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

      * After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Shayne E. Todd, a Utah prisoner proceeding pro se, appeals from the district court's grant of summary judgment to defendants on his 42 U.S.C. § 1983 claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

While in prison, Todd was prescribed Neurotin, a neuropathic pain reliever, to help ameliorate hip and back pain caused by a degenerative disorder. In February 2008, a prison nurse gave Todd three Neurotin pills to swallow. In accordance with prison procedures designed to prevent abuse, the nurse requested that Todd open his mouth so that she could see whether he had swallowed the pills. The nurse saw that Todd was actually hiding the pills in his cheek. When asked again to swallow the pills, Todd instead hid them under his upper lip. The nurse ordered Todd to spit out the pills and notified the treating physician, who quickly terminated Todd's prescription based on the "cheeking" incident. According to Todd, he did not swallow his pills that day because the nurse did not provide him with enough water.

In the following month, Todd repeatedly requested that his Neurotin prescription be reinstated. Medical staff refused, but offered to prescribe other pain relievers less prone to abuse. At first Todd refused these medications, but in May he accepted a

– 2 –

prescription for Elavil, a medicine his treating physician calls "accepted and effective."

Todd then filed suit against several prison officials, alleging that the deprivation of Neurotin violated the Eighth and Fourteenth Amendments. Todd requested that the district court appoint him counsel, but the district court denied his request. Defendants later moved successfully for summary judgment. Todd now appeals.

**II**

We review a grant of summary judgment de novo, "viewing the evidence in the light most favorable to the nonmoving party." Howard v. Waide, 534 F.3d 1227, 1235 (10th Cir. 2008). Summary judgment is warranted only if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). We liberally construe Todd's pro se filings. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference" involves both an objective and a subjective component. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective component is met if a deprivation is "sufficiently serious," id., which requires that "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999) (quotation omitted). The subjective component is

– 3 –

met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.

We conclude that Todd has not shown that the prison officials were indifferent to his medical needs.[1] To the contrary, the record shows that the officials acted responsively and appropriately. On appeal from summary judgment, we must assume the veracity of Todd's assertion that he did not intend to retain the pills for later use or distribution, but merely lacked enough water to swallow them. But even if the medical staff was incorrect to conclude that Todd intended to abuse his medication, that erroneous assessment does not rise to the level of deliberate indifference. Cf. Estelle, 429 U.S. at 106 (holding that a prison physician's negligence does not amount to an Eighth Amendment violation). Instead, it reflects a legitimate penological interest in prevention of drug abuse. Cf. Johnson v. Richins, 438 F. App'x 647, 649 (10th Cir. 2011) (unpublished) (prison officials were not deliberately indifferent when they suspended Neurotin prescription because they suspected inmate was "cheeking" pills).

Moreover, it is undisputed that after the "cheeking" incident Todd was seen by medical staff and offered alternative pain medications that were less susceptible to abuse. To be sure, Todd asserts that Elavil—the alternative medication he eventually accepted—

---

[1] In light of our conclusion on this point, we need not evaluate the seriousness of Todd's ailments.

had detrimental side effects and was not as effective as Neurotin. But a difference of opinion with the medical staff as to the optimal pain-management regimen does not amount to deliberate indifference. See Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002) ("[A] medical difference of opinion . . . is not actionable under the Eighth Amendment.").

Todd also claims that he was deprived of his Due Process rights because his numerous administrative grievances did not spur the re-authorization of his Neurotin prescription. But prisoners have no liberty interest in prison grievance procedures. See Boyd v. Werholtz, 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished) (citing Bingham v. Thomas, 654 F.3d 1171, 1177-78 (11th Cir. 2011), and Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam)). Accordingly, any claim of right to these procedures is not cognizable under the Due Process Clause. In his complaint, Todd also appears to claim that the Due Process Clause protects his right to obtain medication and ensure its proper administration. We know of no authority that would support such a proposition, and Todd has not cited any.

Finally, Todd appears to challenge the district court's denial of his request for appointed counsel. We will reverse a district court's decision on this point only in "extreme cases where the lack of counsel results in fundamental unfairness." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004). We conclude that Todd's is not such a case.

## III

**AFFIRMED**.  We **DENY** Todd's motion to proceed in forma pauperis on appeal because he has failed to make a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991).  Appellant is ordered to pay the entire filing fee in full.  All other pending motions are **DENIED**.


Entered for the Court


Carlos F. Lucero
Circuit Judge