FILED
United States Court of Appeals
Tenth Circuit

July 16, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHNATHAN D. WISHNESKI,

Plaintiff - Appellant,

v.

DR. JOSE ANDRADE; BRITTNI
BUCKELEW, Lieutenant,

Defendants - Appellees.

No. 13-2199
(D.C. No. 2:12-CV-00540-JCH-CG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Plaintiff Johnathan D. Wishneski filed this prison civil rights action against

defendants Dr. Jose Andrade and Lieutenant Brittni Buckelew (misidentified as

"Buckaloo" in the pleadings) in New Mexico state court. He asserted various federal

and state claims relating to his medical treatment for shoulder pain while housed at

the Lea County Correctional Facility (LCCF) in Hobbs, New Mexico. Following

removal of the action to federal court, the district court granted summary judgment in

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

favor of Ms. Buckelew on the two claims asserted against her. After submission of a *Martinez* report,[1] the district court also granted summary judgment for Dr. Andrade on the federal claims and civil conspiracy claim asserted against him, while declining supplemental jurisdiction over any remaining state tort claims.[2] Final judgment was entered and Mr. Wishneski appealed. On de novo review of summary judgment, *see Tuckel v. Grover*, 660 F.3d 1249, 1251 (10th Cir. 2011), and abuse-of-discretion review of the refusal to exercise supplemental jurisdiction, *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011), we affirm in all but one very limited respect. The dismissal of the state tort claims was expressly made "with prejudice"—a disposition we vacate and remand for it to be made "without prejudice."

## I. Ms. Buckelew's Challenges to Scope of the Appeal

Ms. Buckelew contends we lack jurisdiction to review the district court's order granting summary judgment in her favor, because Mr. Wishneski did not specifically designate that order in his notice of appeal. But "a notice of appeal which names the final judgment is sufficient to support review of all earlier orders that merge in the

---

[1] "A *Martinez* report is a judicially authorized investigative report prepared by prison officials to help the court determine if a pro se prisoner's allegations have any factual or legal basis." *Simkins v. Bruce*, 406 F.3d 1239, 1240 n.2 (10th Cir. 2005) (internal quotation marks omitted).

[2] It is not entirely clear whether Mr. Wishneski asserted the civil conspiracy claim under federal law or state law or both. The distinction does not matter for our disposition here. We also note that even if it were considered solely a state claim, the district court's election to resolve it on the merits while declining supplemental jurisdiction over other state claims would not be impermissible. *See Nielander v. Board of Cnty. Comm'rs*, 582 F.3d 1155, 1172 (10th Cir. 2009).

final judgment," and "all earlier interlocutory orders merge into final orders and judgments except when the final order is a dismissal for failure to prosecute." *Miami Tribe of Okla. v. United States*, 656 F.3d 1129, 1137 (10th Cir. 2011) (internal quotation marks omitted). Thus it is enough here that the notice expressly appeals from the final judgment entered by the district court when it disposed of all remaining claims in the case against Dr. Andrade.

As a non-jurisdictional fall-back position, Ms. Buckelew contends that "[Mr.] Wishneski has failed to adequately articulate a basis for appealing the dismissal of his claims against [her]." Def./Aplee. Buckelew's Answer Br. at 7; *see also id.* at 8-9 (elaborating on this point). But Mr. Wishneski does specifically challenge, albeit briefly, the dismissal of Ms. Buckelew from the case, and also addresses the disposition of the civil conspiracy claim, which implicates Ms. Buckelew just as it does her alleged co-conspirator, Dr. Andrade. As discussed below, we ultimately find no merit in Mr. Wishneski's position (and we do properly hold him to the limited contentions he raises), but we decline to deny outright all appellate review on these matters. *See generally Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1301 n.1 (10th Cir. 2011) (applying general rule requiring liberal construction of pro se filings to pro se appellate brief); *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006) (same).

## II. Factual Background

After undergoing detoxification from the anti-anxiety drug Klonopin at a Corrections Department mental health facility, Mr. Wishneski was discharged on February 11, 2010, with a recommendation that he avoid addictive, mood-altering substances. On March 25, 2010, Dr. Andrade saw him for complaints of left shoulder pain and prescribed Tramadol, an opiate used for moderate pain. Dr. Andrade changed the prescription to MS Contin (morphine sulfate) on May 10, 2010, when Mr. Wishneski continued to complain of pain.

On July 25, 2010, two pills were discovered in Mr. Wishneski's cell during a shakedown and were later identified as MS Contin by a nurse at the medical unit. The nurse left a note for Dr. Andrade informing him that Mr. Wishneski was hoarding his medication. Disciplinary proceedings for abuse of medication followed, but were dismissed by the hearing officer, Ms. Buckelew, on August 9, 2010, due to the reporting officer's failure to submit a chain of custody report. Mr. Wishneski alleges he later overheard Ms. Buckelew tell Dr. Andrade over the phone that the dismissal was based on a technicality and did not mean he had not committed the offense. Noting he had prescribed the MS Contin on Mr. Wishneski's agreement not to misuse the medication, which staff reports now indicated Mr. Wishneski had done, Dr. Andrade exercised his medical judgment to put Mr. Wishneski back on Tramadol. He considered the Tramadol to be an alternative treatment appropriate for Mr. Wishneski's pain management needs. A medical expert confirmed in an affidavit

that this treatment decision was consistent with the applicable medical standard of care.

After two months during which Mr. Wishneski complained of continued pain, Dr. Andrade reconsidered. Assured by Mr. Wishneski that he would not misuse the medication and understood it would be discontinued if he did, Dr. Andrade again prescribed MS Contin. About six months later, Dr. Andrade noted reports that Mr. Wishneski was selling his medication. Over several appointments, Dr. Andrade settled on alternative medication, including Tylenol and the nonsteroidal anti-inflammatory drug (NSAID) Meloxicam, and took Mr. Wishneski off MS Contin. When Mr. Wishneski continued to complain of pain, Dr. Andrade replaced the Meloxicam with the NSAID Naproxen. Other medications, such as the prescription NSAID Indocin and the topical analgesic cream Zostrix, were also tried. Mr. Wishneski was repeatedly found noncompliant with his medication.

On several occasions in 2010 and 2011, Dr. Andrade recommended that Mr. Wishneski see an orthopedic surgeon about his shoulder, that MRIs be obtained, and/or that surgery be done, but these recommendations were denied by the regional medical director. Finally, an MRI in September 2011 showed impingement syndrome in the left shoulder and Mr. Wishneski had surgery in January 2012.

### III. Claims against Ms. Buckelew

Mr. Wishneski sought damages for pain and suffering allegedly caused by the discontinuation of his MS Contin prescription. He asserted two broad claims against

- 5 -

Ms. Buckelew based on her communication with Dr. Andrade regarding the abuse-of-medication disciplinary proceeding she dismissed for lack of the requisite chain-of-custody documentation for the pills found in his cell. First, he claimed that dismissing the charge and then informing Dr. Andrade that the dismissal was not necessarily an exoneration, leading Dr. Andrade to discontinue the MS Contin, violated several constitutional rights.[3] Second, he claimed that Ms. Buckelew and Dr. Andrade had actually conspired to violate his rights. The magistrate judge broke these two claims down into four components for purposes of analysis: a claim for deliberate indifference to medical needs under the Eighth Amendment; an ancillary claim for the same conduct invoking the First, Fifth, and Fourteenth Amendments; a civil conspiracy claim; and an "official capacity" claim implicating the liability of Ms. Buckelew's private corporate employer. We focus our review on the magistrate judge's recommendation, which was adopted by the district court in granting Ms. Buckelew's motion for summary judgment.

## A. Claim under the First, Fifth, and Fourteenth Amendments

The magistrate judge categorically rejected Mr. Wishneski's attempt to inject ancillary constitutional claims into an Eighth Amendment case about prison medical

---

[3] In addition to the federal constitutional provisions, the complaint also cites in conclusory fashion "the laws of the State of New Mexico" and the state constitution. R. Vol. 1 at 17. Although the magistrate judge discussed only the former, Mr. Wishneski neither objects to this exclusive focus on federal law nor explains how reliance on state law would cure the dispositive legal deficiencies of his claims. We therefore limit our review to the magistrate judge's analysis of the relevant federal constitutional law.

care. We have repeatedly eschewed duplicative analyses of Eighth Amendment claims under other constitutional provisions, explaining that "claims concerning conditions of confinement [such as prison medical care] 'remain[] bounded by the Eighth Amendment, the explicit textual source of constitutional protection in the prison context.'" *Barney v. Pulsipher*, 143 F.3d 1299, 1310 n.10 (10th Cir. 1998) (quoting *Adkins v. Rodriguez*, 59 F.3d 1034, 1037 (10th Cir. 1995), and citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

Mr. Wishneski has abandoned his inapposite First Amendment claim. As for due process, we need not decide whether such a claim can ever properly be asserted with respect to prison disciplinary matters carrying punitive consequences for inmate medical care, because here it is clear the Eighth Amendment is the overarching constitutional value at issue. As explained in our discussion of the Eighth Amendment claim below, discontinuance of Mr. Wishneski's MS Contin prescription was a *medical* decision made *by Dr. Andrade*. There is no evidence of any prison policy, disciplinary directive, or pressure from Ms. Buckelew constraining Dr. Andrade's exercise of professional judgment in that regard. Under the authorities cited, any challenge to his decision is properly brought under the Eighth Amendment.

**B. Official Capacity Claim**

A private party acting under color of state law to violate the constitutional rights of another is subject to suit under 42 U.S.C. § 1983. *See Wyatt v. Cole*, 504 U.S. 158, 161-62 (1992); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937

(1982). But in this circuit, as in most others, to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003); *DeVargas v. Mason & Hanger-Silas Mason Co., Inc.*, 844 F.2d 714, 722-23 (10th Cir. 1988); *see also Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 790 n.2 (7th Cir. 2014) (collecting cases). The magistrate judge treated the official capacity claim against Ms. Buckelew as a claim against her corporate employer and rejected it for lack of the requisite showing of a causative custom or policy. This is, on its face, a correct application of the governing law, and Mr. Wishneski does not raise any meaningful challenge to it on appeal.

## C. Individual Capacity Claim under the Eighth Amendment

"Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of the prisoners in their custody." *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005) (internal quotation marks omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). As relevant here, a non-medical prison officer can be liable for such a violation by "preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition." *Self v. Crum*, 439 F.3d 1227, 1231

- 8 -

(10th Cir. 2006); *see, e.g.*, *Blackmon v. Sutton*, 734 F.3d 1237, 1245 (10th Cir. 2013); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

The discontinuance of Mr. Wishneski's prescription for MS Contin was a medical decision made by Dr. Andrade. Ms. Buckelew did not deny Mr. Wishneski access to Dr. Andrade or prevent him from receiving treatment from Dr. Andrade. While communication with Ms. Buckelew about Mr. Wishneski's reported abuse of medication and the result of the ensuing disciplinary proceeding may have informed Dr. Andrade's decision, there is no evidence whatsoever that Ms. Buckelew somehow prevented Dr. Andrade from exercising his own professional judgment in the matter. Mr. Wishneski insists on appeal that Ms. Buckelew's communication was the proximate cause for the discontinuance of the MS Contin, but that is neither a fair description of the factual record nor a legally sufficient basis for constitutional liability. Dr. Andrade's subsequent independent exercise of medical judgment was clearly the operative proximate cause and, in any event, a prison officer's accurate report of facts to a doctor (whatever action the doctor may take thereon) can hardly be the basis for finding a constitutional violation by the officer. Mr. Wishneski cites no authority that would support a constitutional claim against Ms. Buckelew on the facts, and we are aware of none. Summary judgment was properly entered in favor of Ms. Buckelew on the merits of the Eighth Amendment claim.

**D. Civil Conspiracy Claim**

Mr. Wishneski also asserted that the communication between Ms. Buckelew and Dr. Andrade constituted a civil conspiracy to deprive him of the MS Contin that he alleges was constitutionally required for his condition. The magistrate judge concluded that this claim failed for lack of the agreement that is the sine qua non of conspiracy. *See generally Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010) (discussing civil conspiracy under 42 U.S.C. §§ 1983 & 1985); *Santa Fe Techs., Inc. v. Argus Networks, Inc.*, 42 P.3d 1221, 1235 (N.M. Ct. App. 2001) (discussing civil conspiracy under New Mexico law). We agree that the relevant evidence and allegations, involving nothing more than Ms. Buckelew informing Dr. Andrade of the facts and allegations relating to Mr. Wishneski's disciplinary prosecution for abuse of medication, are insufficient as a matter of law to support a civil conspiracy claim.

In sum, the district court properly granted summary judgment on all claims asserted against Ms. Buckelew. We turn now to the claims involving Dr. Andrade.

### IV. Claims against Dr. Andrade

The complaint nominally asserted four claims against Dr. Andrade: a due process claim, a civil conspiracy claim, an Eighth Amendment claim, and a state tort claim for intentional infliction of emotional distress. As with Ms. Buckelew, the magistrate judge recognized and addressed an additional, official capacity claim.

We affirm the district court's disposition of these claims for basically the reasons stated by the magistrate judge.

## A. Due Process Claim

We have little to add here to what we said in connection with the due process claim against Ms. Buckelew. Of course, Mr. Wishneski's due process claim against Dr. Andrade necessarily has a somewhat different focus. It appears to rest on the notion that a prison doctor cannot take account of reports of medicinal abuse when deciding on a proper treatment unless the inmate has been charged and found guilty of the abuse in a disciplinary proceeding. That is a facially dubious and legally unsupported premise. But in any event, the critical point is that the issue whether Dr. Andrade impermissibly substituted other medications for MS Contin after noting reports regarding his patient's misuse of the drug is fundamentally an issue about medical care and, as such, is to be resolved under Eighth Amendment standards specifically formulated to address such issues. *See Barney*, 143 F.3d at 1310 n.10 and cases cited therein.

## B. Official Capacity Claim

We also need say very little more about the official capacity claim against Dr. Andrade. To be sure, he had a different corporate employer than Ms. Buckelew, but the record is just as devoid of evidence regarding any relevant custom or policy of Dr. Andrade's employer as it is of such evidence relating to Ms. Buckelew's

employer. And without such evidence, the official capacity claim must fail. *See Dubbs*, 336 F.3d at 1216; *DeVargas*, 844 F.2d at 722-23.

**C. Individual Capacity Claim under the Eighth Amendment**

In terms of constitutional basis and target defendant, the Eighth Amendment claim asserted against Dr. Andrade is Mr. Wishneski's most apt claim. But the facts of record cannot sustain a triable case under the controlling deliberate-indifference standard.

Under that standard, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (internal quotation marks omitted). Even more to the point here, "[d]isagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation." *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (internal quotation marks omitted). And in assessing the chosen method of treatment, it must be kept in mind that a doctor is required to take only "reasonable measures to abate" the inmate's medical condition. *Callahan*, 471 F.3d at 1159.

Accordingly, insofar as Mr. Wishneski challenges Dr. Andrade's medical judgment in substituting other medications for the MS Contin the doctor suspected had been misused, he clearly cannot prevail. Indeed, another panel of this court reached the same conclusion under the same principles on similar facts in *Todd v. Bigelow*, 497 F. App'x 839, 841-42 (10th Cir. 2012) (unpublished), *cert. denied*,

133 S. Ct. 1251 (2013).[4] To the extent Mr. Wishneski contends his claim goes beyond just a matter of proper medical judgment, by alleging Dr. Andrade denied the opiate pain medication to punish him for misconduct that the prison could not or would not prosecute, his claim rests on rank speculation contrary to the actual medical evidence in the record. That is not an adequate basis upon which to oppose summary judgment. *See Self*, 439 F.3d at 1230 ("To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." (internal quotation marks omitted)).

Mr. Wishneski insists he needed discovery to show Dr. Andrade's real motive in discontinuing the MS Contin was punishment. But he offers no explanation as to how discovery might have led to evidence indicating Dr. Andrade was lying about the medical judgment behind his relevant treatment decisions. Baseless speculation offered in opposition to summary judgment is not somehow excused by yet more speculation that discovery might uncover evidence that could be used to oppose summary judgment—"a plaintiff cannot defeat a motion for summary judgment by . . . amplifying [his conclusory allegations] with speculation about what discovery might uncover," *Bryant v. O'Connor*, 848 F.2d 1064, 1067 (10th Cir. 1988). Furthermore, Fed. R. Civ. P. 56(d) (formerly Rule 56(f)) specifies a procedure, requiring a motion with supporting affidavit, for litigants who seek to forestall

---

[4] The unpublished *Todd* decision is not, of course, binding precedent, but its striking congruence with our disposition warrants citation for its persuasive value. *See generally* Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).

summary judgment by claiming a need for additional discovery, and litigants who fail to properly avail themselves of this procedure may not later challenge summary judgment on this basis. *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (noting requirements of rule apply to pro se litigants). Mr. Wishneski did not comply with Rule 56(d) motion in the summary judgment proceedings here.

## D. Civil Conspiracy Claim

Mr. Wishneski claims Dr. Andrade conspired with Ms. Buckelew to deprive him of his constitutional rights. This claim fails against Dr. Andrade for the same reason it failed against Ms. Buckelew: the record is devoid of evidence of the requisite agreement between the alleged conspirators.

## E. State Tort Claim

After disposing of all of Mr. Wishneski's federal claims, the district court elected not to exercise supplemental jurisdiction over any remaining state law claims. Mr. Wishneski does not argue that this discretionary decision was in error and thus has waived any objection to its procedural or substantive correctness.

But "parties cannot waive lack of subject matter jurisdiction," *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511-12 (10th Cir. 1994), and this court has a "responsibility to correct an action by the district court that exceeds its jurisdiction," *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006). We have such an action here: after declining to exercise jurisdiction over the state law claims, the district court dismissed them "with prejudice"—a disposition that necessarily

- 14 -

requires jurisdiction, *id.* (reaffirming "our duty to correct a district court disposition erroneously entered 'with prejudice' on jurisdictional grounds").  We therefore vacate the dismissal of affected state tort claims and remand them for entry of a judgment of dismissal without prejudice.

## V. Additional Procedural Matters

Mr. Wishneski raises several procedural objections.  First, he contends the district court should have appointed counsel for him.[5]  Appointment of counsel in civil cases is the rare exception, not the rule.  "It is not enough that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (internal quotation marks omitted) (alterations in original).  Rather, appointment of counsel is required "[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness." *Id.* (internal quotation marks omitted).  "In evaluating a prisoner's request for appointed counsel, the court should consider

---

[5]    Mr. Wishneski never asked the district court to appoint counsel.  Rather, he asked the magistrate judge to stay the proceedings to give him time obtain his own counsel.  He now insists the request should have been construed as a motion to appoint counsel, but, as explained later in this decision, he did not seek district court review of the magistrate judge's denial of the request and we thus lack jurisdiction to consider the matter.  He also insists the district court should have acted sua sponte to appoint counsel.  That point directly challenges (in)action by the district court, so we have jurisdiction to consider it.  We therefore reach and decide whether appointment of counsel was appropriate in this case. *See generally Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (holding appellate court "may independently examine the propriety of . . . a request [for appointment of counsel]" where district court failed to provide rationale for not appointing counsel).

the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Id.* at 1224 (internal quotation marks omitted). Considering these factors in light of the strict governing standard, we conclude that appointment of counsel was not warranted here—and certainly not as a matter of sua sponte obligation for the district court. Mr. Wishneski's claims lack merit and their inadequacy is not a function of complex legal or factual issues imposing a significant burden of development or presentation on him. The facts and law dispositive of his case were sufficiently explored by the court without the need for additional elaboration by counsel.

Second, Mr. Wishneski challenges Dr. Andrade's removal of the case from state to federal court several months after a deputy sheriff attempted to serve both defendants by leaving copies of the summons and complaint at LCCF in November 2011. Removal had to be sought within thirty days of service of the summons or receipt of the complaint. *See* 28 U.S.C. § 1446(b) (2011) (now at § 1446(b)(1)[6]). Neither defendant signed the summonses to indicate receipt. Ms. Buckelew nevertheless made a timely appearance and did not seek removal. But Dr. Andrade, averring that he did not receive a copy of the summons and complaint through service or otherwise until April 23, 2012, entered his appearance on that date. Within thirty

---

[6]     The December 2011 amendments to § 1446 do not apply to this case, which was commenced in state court well before their effective date (thirty days after enactment). *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, Title I, § 105, 125 Stat. 758, 962 (Dec. 7, 2011).

days, on May 18, 2012, he filed a notice of removal based on federal-question jurisdiction, noting Ms. Buckelew's consent to removal.

Mr. Wishneski raises two objections to removal: (1) Dr. Andrade's affidavit was an inadequate basis on which to decide when service was effected on him;[7] and (2) removal was improper given the then-upcoming trial date scheduled for the claim against Ms. Buckelew. As for the first objection, Mr. Wishneski complains that Dr. Andrade's affidavit was "self serving" and "bare bones," Aplt. Opening Br. at 13, but neither of these informal criticisms goes to its legal sufficiency. Dr. Andrade properly addressed factual matters within his personal knowledge, *see Sanchez v. Vilsack*, 695 F.3d 1174, 1180 n.4 (10th Cir. 2012), and the district court was not required, as Mr. Wishneski suggests, to obtain additional affidavits to corroborate Dr. Andrade. As for the second objection, the initial trial setting for the claim against Ms. Buckelew, soon obviated by her own motion for summary judgment, did not deprive Dr. Andrade of his statutory right to remove the case upon timely notice (and Ms. Buckelew's consent) under § 1446.

Mr. Wishneski's third procedural objection concerns his mental health records. He complains they should not have been submitted and considered in connection with

---

[7]    Mr. Wishneski does not challenge the use of Dr. Andrade's service date to initiate a second thirty-day removal period consistent with the newly added and not-yet-effective provision in § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant . . . to file the notice of removal."). *See* supra note 6. At the time, there was a split in authority on that point and this circuit had not taken a position. We need not do so here.

Dr. Andrade's motion for summary judgment (the magistrate judge did, however, grant Mr. Wishneski's motion to seal the records). We agree with the district court's commonsense assessment that the records were potentially relevant to Dr. Andrade's decision to prescribe/discontinue medications for Mr. Wishneski. Including such records was thus entirely consistent with the purpose of the *Martinez* report: "to help the court determine if a pro se prisoner's allegations have any factual or legal basis," *Simkins*, 406 F.3d at 1240 n.2 (internal quotation marks omitted).

Finally, Mr. Wishneski complains briefly of some matters decided by the magistrate judge under 28 U.S.C. § 636(b)(1)(A) for which he failed to seek district court review. These include orders denying his request for a temporary stay of the case to secure counsel and his motion to amend (more accurately, supplement) the complaint to add claims based on post-filing events. Absent the parties' consent under § 636(c), we lack jurisdiction to directly review orders issued by the magistrate judge. *S.E.C. v. Merrill Scott & Assocs.*, 600 F.3d 1262, 1269 (10th Cir. 2010); *see also* 28 U.S.C. § 1291 (specifying our jurisdiction to review district court orders). Mr. Wishneski complains that the magistrate judge did not include in his orders the mandatory warning that a failure to file timely objections with the district court would work a waiver of any unvoiced objections (pursuant to our "firm waiver rule"). *See Jones v. Salt Lake Cnty.*, 503 F.3d 1147, 1152 (10th Cir. 2007) (noting firm waiver rule is inapplicable to pro se party not given such warning). Mr. Wishneski confuses our waiver rule for magistrate judge recommendations reviewed by the

district court under § 636(b)(1)(B)—a non-jurisdictional rule for which equitable conditions and exceptions are appropriate—with the prohibition on our direct review of magistrate judge decisions issued under § 636(b)(1)(A) that a district court judge has not considered—a jurisdictional limitation for which equitable conditions and exceptions are inapposite.[8] *See generally Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) ("Courts have 'no authority to create equitable exceptions to jurisdictional requirements.'" (quoting *Bowles v. Russell*, 551 U.S. 205, 214 (2007))).

## VI.  Conclusion

For the reasons stated above, the judgment of the district court is affirmed in all respects but one.  The dismissal with prejudice of the state tort claims over which the district court refused to exercise supplemental jurisdiction is vacated and those claims are remanded for entry of a judgment of dismissal without prejudice. Mr. Wishneski's pending motion for leave to appeal in forma pauperis (IFP) is denied as moot, because the district court has already granted him IFP status for this appeal. *See* Fed. R. App. P. 24(a)(2).  We remind him that he is obligated to continue making partial payments until the entire fee is paid.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

---

[8]     The basic distinction between the two statutory provisions is summarized in *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).