(203 P.3d 1)
No. 100,156

JAMES A. BOYD, *Appellant*, v. ROGER WERHOLTZ, *Appellee*.

Opinion filed November 14, 2008.

*James A. Boyd,* appellant pro se.

*Linden G. Appel,* chief legal counsel, of Kansas Department of Corrections, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

MCANANY, J.: James A. Boyd appeals the district court's dismissal of his K.S.A. 60-1501 petition.

In 1992, Boyd pled guilty to a number of violent crimes. He received consecutive sentences of 15 years to life for each conviction and was then transferred to the Washington State Department of Corrections pursuant to the Interstate Corrections Compact (ICC), K.S.A. 76-3001 *et seq.,* where he remains today.

In April 2006, Boyd sent a letter to Roger Werholtz, Secretary of the Kansas Department of Corrections (KDOC), stating that his sentence had been "grossly miscalculated" and that he has not received any "good time" or earned "good time" credit since his incarceration in 1992. In May of 2007, Boyd sent a similar letter to his correctional counselor at the Hutchinson Correctional Facility, asserting the same claims made in April 2006. Both of these letters were identified as "an informal grievance." We find in the record no response to either of these letters.

On July 9, 2007, Boyd filed this action in Leavenworth County District Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (2000) and 28 U.S.C. § 2254 (2000), raising these same two claims. He alleged that he had exhausted his administrative remedies, citing the earlier described two letters. The district court ordered Werholtz to transport Boyd to the court for an August 30, 2007, evidentiary hearing. Before the hearing, Werholtz moved to transfer the case to the Shawnee County District Court, and the court granted the motion. Upon transfer, Werholtz moved to dismiss the petition or to grant summary judgment in favor of Werholtz on the grounds that the district court lacked subject matter jurisdiction because Boyd failed to exhaust his administrative remedies. The district court granted Werholtz' motion to dismiss, and this appeal followed.

Whether a petitioner has failed to exhaust administrative remedies is a question of law over which we have unlimited review. *In*

*re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 622-23, 24 P.3d 128 (2001).

K.S.A. 75-52,138 requires an inmate in custody to exhaust available administrative remedies before bringing an action in the district court and to file with the petition proof that administrative remedies have been exhausted.

K.S.A. 75-52,138 required Boyd to follow the grievance procedure established by the KDOC. The KDOC grievance procedure for inmates is set forth in K.A.R. 44-15-101 *et seq*. An inmate must attempt to obtain an informal resolution of the issue before using the grievance procedure. K.A.R. 44-15-101(b). If this fails, then the inmate may proceed with the three levels of the grievance procedure process found at K.A.R. 44-15-101(d) and K.A.R. 44-15-102. Boyd indicated in his two letters that they were "an informal grievance." He demonstrates no efforts thereafter to commence or to follow the formal grievance process.

Under the ICC, inmates confined in another state "shall at all times be subject to the jurisdiction of the sending state." K.S.A. 76-3002, Article IV(c). Thus, Boyd is required to follow the KDOC's grievance procedure, though he is confined in Washington. Furthermore, "confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in an appropriate institution of the sending state." K.S.A. 76-3002, Article IV(e). Boyd's confinement in Washington does not excuse compliance with the required administrative grievance procedure as a prerequisite to this suit. See *Lynn v. Simmons*, 32 Kan. App. 2d 974, 978, 95 P.3d 99 (2003).

Boyd argues, however, that his imprisonment in Washington prevented him from using the KDOC's grievance procedure because he is unable to research Kansas law and does not have access to the KDOC's grievance forms. He concludes that this should excuse him from the exhaustion requirement.

While Boyd claims he did not have access to KDOC grievance forms, we find no support for this in the record. In his appellate brief he makes references to this claim in his statement of the case but provides no citation to the record. He states no facts to this effect in his statement of facts. In his argument, he makes refer-

ence to a declaration he filed with the district court. That one-page document is found in volume II of the record at page 142. In it he states:

"That at no time did Respondent Werholtz send the petitioner a formal grievance form. And if Respondent Werholtz wanted the petitioner to file a formal grievance, instead of an informal grievance, respondent should have provided petitioner with the appropriate grievance form."

Interestingly, in this document Boyd does not assert that he requested a formal grievance form from Werholtz. We find in the record no evidence that Boyd ever made such a request or that such a request, if made, was denied by Werholtz or the KDOC. Boyd seems to suggest, without authority, that Werholtz was required to seek him out and determine if he desired to pursue the formal grievance process. Like him, we find no authority for this proposition.

Boyd claims that due to his incarceration in Washington he "did not have access to Kansas law." Nevertheless, in his various filings with the district court he made frequent and extensive citations to the Kansas Constitution, Kansas statutes, and Kansas cases. In his appellate brief, Boyd cites various Kansas statutes, cases, Supreme Court rules, and administrative regulations, all the while confined in Washington. These proceedings commenced less than 2 months following Boyd's second "informal grievance" letter. He fails to explain the difference between his familiarity with, and access to, Kansas law and administrative regulations when this suit was filed as opposed to the time for pursuing a formal grievance shortly before.

Boyd argues, but fails to demonstrate, that his complaints regarding his sentence calculation and good time credit qualify as a "special problem" that could not be handled pursuant to the KDOC's grievance procedure. See K.A.R. 44-15-201. He also apparently claims that judicial estoppel applies because Werholtz moved for a change of venue from Leavenworth County to Shawnee County. He asserts that "Mr. Boyd has filed other habeas corpus petitions against the (KDOC) in Leavenworth County, Kansas District Court before, and the Department never complained, but

instead defended against Mr. Boyd's petition." Boyd fails to show, and we fail to see, how moving for a change of venue estoppes Werholtz from asserting that Boyd failed to exhaust his administrative remedies.

Because Boyd failed to demonstrate the exhaustion of his administrative remedies, a predicate for the district court's subject matter jurisdiction, Boyd's petition failed to state an actionable claim. The district court did not err in dismissing it.

Accordingly, we affirm the district court's ruling.