FILED
United States Court of Appeals
Tenth Circuit

October 3, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES A. BOYD,

          Plaintiff-Appellant,

v.

ROGER WERHOLTZ, Secretary of
Corrections,

          Defendant-Appellee.

No. 10-3284
(D.C. No. 5:09-CV-03184-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

This case questions whether an inmate can state a claim for relief based on

the alleged deprivation of a prison grievance process. James A. Boyd, a Kansas

inmate confined in Washington, filed a pro se amended complaint under

42 U.S.C. § 1983, alleging that Kansas Department of Corrections (KDOC)

officials denied him access to KDOC's administrative grievance process by

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

failing to explain the process to him and provide the forms necessary to complete it. Mr. Boyd aimed to exhaust his administrative remedies so as to challenge the duration of his confinement and the claimed denial of earned good-time credits.[1]

Pursuant to its preliminary screening function, *see* 28 U.S.C. § 1915A, the district court construed Mr. Boyd's allegations as claiming a denial of his right to access to the courts. But finding no constitutional right to a prison grievance process, the court determined that Mr. Boyd could not rely on the unavailability of administrative remedies to support his access-to-courts claim. Adding that he suffered no prejudice, the court directed Mr. Boyd to show cause why his case should not be dismissed under 28 U.S.C. § 1915A(b)(1) for failure to state a claim. In his response, Mr. Boyd insisted he had been prejudiced because his state habeas action (which litigated his sentence) was dismissed for failure to exhaust administrative remedies. *See Boyd v. Werholtz*, 203 P.3d 1 (Kan. App. 2008). The district court disagreed and affirmed that Mr. Boyd failed to state a claim based on the denial of an administrative grievance process. The court therefore dismissed the case, and this appeal followed.

---

[1]     The district court observed that a challenge to the duration of Mr. Boyd's confinement sounded in habeas, but Mr. Boyd clarified that he sought only to contest the alleged deprivation of the prison grievance process. Affording his pro se materials a liberal construction, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the district court accepted Mr. Boyd's clarified allegations and proceeded to analyze whether he stated a cognizable claim under § 1983. We adhere to the district court's approach and focus strictly on the alleged deprivation of the prison grievance process.

We review de novo the dismissal of an action under 28 U.S.C. § 1915A for failure to state a claim. *Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). In conducting our review, we assess "whether the complaint includes enough facts to state a claim to relief that is plausible on its face." *Id.* (quotation omitted).

We agree that Mr. Boyd failed to plead a plausible claim for relief. As the district court recognized, there is no independent constitutional right to state administrative grievance procedures. *See* R. at 32 (Dist. Ct. Op.) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)). Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process. *See Bingham v. Thomas*, ___ F.3d ___, 2011 WL 3862101, at *4 (11th Cir. Sept. 2, 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest . . . ." (quotation and brackets omitted)). Instead, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam). Consequently, any alleged deprivation of the prison grievance process here failed to implicate Mr. Boyd's right of access to the

courts, and the district court was therefore correct to dismiss the amended complaint for failure to state a claim.[2]

Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

[2] Mr. Boyd insists his right of access was violated because KDOC officials prevented him from exhausting the administrative grievance process, resulting in the dismissal of his state habeas action. As the Kansas Court of Appeals observed, however, Mr. Boyd suggested Defendant "Werholtz was required to seek him out and determine if he desired to pursue the formal grievance process." *Boyd*, 203 P.3d at 3. This hardly supports Mr. Boyd's premise that prison officials obstructed his efforts to exhaust, which presumably would have rendered his administrative remedies unavailable, thereby excusing him from the exhaustion requirement. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).