NOT DESIGNATED FOR PUBLICATION

No. 115,019

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ERIC WHITEHEAD-KING,
*Appellant*,

v.

REX PRYOR,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed September 23, 2016. Affirmed.

*Michael G. Highland*, of Bonner Springs, for appellant.

*Sherri Price*, special assistant attorney general, of Lansing Correctional Facility, for appellee.

Before PIERRON, P.J., GREEN and BUSER, JJ.

*Per Curiam*: Eric Whitehead-King, an inmate at the Lansing Correctional Facility, filed a K.S.A. 2015 Supp. 60-1501 petition claiming the Kansas Department of Corrections has taken his property and deprived him of his liberty. The trial court issued a writ of habeas corpus. The warden filed a motion to dismiss the petition. Finding Whitehead-King failed to exhaust administrative remedies, the trial court dissolved the previously issued writ and dismissed the petition for habeas corpus. Finding no merit in Whitehead-King's argument, we affirm.

On October 3, 2014, Whitehead-King, an inmate at the Lansing Correctional Facility, filed a petition for writ of habeas corpus under K.S.A. 2015 Supp. 60-1501, alleging unlawful imprisonment because "Ray Roberts [Secretary of Corrections] took my property (my money) and elevated my c[u]stody/deprive[d] me of my liberty." Whitehead-King requested that "the court order the infraction be expunged from his record and all punishments vacated."

Whitehead-King attached numerous documents related to his petition. In his grievances, he appeared to request his disciplinary records to review fines and other sanctions imposed in disciplinary proceedings. He also filed an appeal of a grievance to the secretary of corrections. He claimed: "I feel that [the] warden should have provided me with my requested info[rmation] since other parties failed to provide info[rmation] . . . and give me back my good time [and] money that was [taken] through the [disciplinary] proceeding." A staff member from the Kansas Department of Corrections told him that he should have received his disciplinary disposition relating to a specific hearing. He was further told the grievance procedure was not the appropriate avenue to raise complaints regarding the inmate disciplinary procedure.

A writ of habeas corpus was issued on January 12, 2015. The warden moved to dismiss, claiming Whitehead-King had failed to exhaust administrative remedies before filing this action in accordance with K.S.A. 75-52,138. Following the motion to dismiss, Whitehead-King filed a pro se motion to "conditionally accept for value for proof of claim" and a "journal entry of judgment." Neither motion addressed the issue of exhaustion of administrative remedies.

A hearing was held on March 26, 2015. At the hearing, the warden's legal counsel raised two issues. First, she argued that Whitehead-King had failed to exhaust his administrative remedies. Second, she said, "[I]t appears his claims revolve around disciplinary convictions that he received . . . ." The trial judge noted that he had looked

2

through the record and could not find the disciplinary proceeding Whitehead-King appeared to be challenging. Whitehead-King then said, "My—the whole reason [for] me filing my petition was to seek documentation from my disciplinary procedures and which [counsel] and the other defendants in here wouldn't even provide me." He further stated, "I've asked on numerous occasions, I even gave—or responded to her motion to dismiss with a voluntary to dismiss if she could just provide me with the documents that I was entitled to." Upon hearing this, the trial judge asked counsel if she had copies of the disciplinary report. Counsel said that she could "provide copies of the costs, yes." On appeal, it seems that the warden agreed to provide copies of the records requested for the cost of copying. Therefore, it seems that counsel told Whitehead-King that she could provide copies to him for the cost of those copies. Whitehead-King responded that he did not want copies; he wanted to inspect the originals. Counsel told him, "We don't keep original copies."

After hearing arguments, the trial court requested copies of the disciplinary report in addition to any of Whitehead-King's appeals of his requests. The trial court wanted to review whether Whitehead-King's claims involved constitutionally protected interests. The trial court also said it wanted to review whether Whitehead-King followed the procedure for appeals of his disciplinary rulings.

Following the hearing, Whitehead-King filed several pro se motions. He claimed he had exhausted administrative remedies and the "proof was attached to [his] petition."

On May 21, 2015, the trial court issued its order granting the warden's motion to dismiss due to Whitehead-King's failure to exhaust administrative remedies. The trial court noted that it gave Whitehead-King an additional 30 days to provide the necessary documents. The trial court further noted that Whitehead-King had failed to provide "proof of any exhaustion of administrative remedies."

*Did the Trial Court Err in Finding Whitehead-King Failed to Exhaust Administrative Remedies?*

On appeal, Whitehead-King argues that the trial court erred when it denied his petition because the trial court mistakenly assumed he was contesting a prison disciplinary action. He contends that he filed his grievances to request a copy of his disciplinary records. He further contends: "These grievances were each fully exhausted having received responses from the secretary's designee. There were no further administrative remedies for petitioner to exhaust."

Whether jurisdiction is lacking due to a failure to exhaust administrative remedies presents a question of law over which appellate courts have unlimited review. *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 622-23, 24 P.3d 128 (2001).

K.S.A. 75-52,138 requires an inmate to exhaust available administrative remedies "established by rules and regulations promulgated by the secretary of corrections" before bringing an action in district court and to file proof of such exhaustion with a 60-1501 petition. *Boyd v. Werholtz*, 41 Kan. App. 2d 15, 17, 203 P.3d 1 (2008). Such rules and regulations are generally found at K.A.R. 44-15-101 *et seq*. The 30-day time limit for an inmate to file a 60-1501 petition is extended "during the pendency of the inmate's timely attempts to exhaust such inmate's administrative remedies." K.S.A. 2015 Supp. 60-1501(b).

The record on appeal contains multiple requests and grievances and one appeal to the secretary; Whitehead-King has not met his burden of proof that he exhausted his administrative remedies. Appellants have the burden to provide a record sufficient to support their arguments. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013). Furthermore, on appeal, he correctly states that he filed multiple grievances and requests, but he has failed to show which rules and regulations

4

he has exhausted. For example, it seems he requested the disciplinary records to challenge prior disciplinary proceedings. This type of challenge would likely fall under K.A.R. 44-13-101 *et seq*. Yet, it also seems he contended that he was filing a grievance to obtain a copy of his entire record. This issue would likely fall under the grievance procedure in K.A.R. 44-15-101 *et seq*. Either way, Whitehead-King has failed to file proof of exhaustion of administrative remedies as required by K.S.A. 75-52,138. As a result, we determine that the trial court properly dismissed Whitehead-King's action for failure to exhaust administrative remedies.

*Is Whitehead-King Entitled to Relief Under K.S.A. 2015 Supp. 60-1501?*

Assuming arguendo that Whitehead-King's various disputes have merit, we determine that Whitehead-King has failed to assert a deprivation of a constitutional right. Instead of asserting a deprivation of a constitutional right, Whitehead-King argues that he was entitled to a copy of his disciplinary record as provided in the Kansas Open Records Act, specifically in K.S.A. 2015 Supp. 45-221. He contends that this statute provides him with "an absolute right to a copy of his prison disciplinary records."

We first note that Whitehead-King never raised this issue of whether he was entitled to his disciplinary record under the Kansas Open Records Act below. Issues not raised before the trial court cannot be raised on appeal. *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). Furthermore, Whitehead-King has failed to comply with Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41), which requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. Because he has failed to comply with the rule, this issue is deemed waived and abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015).

5

In a writ of habeas corpus under K.S.A. 2015 Supp. 60-1501, Whitehead-King requested "the court order the infraction be expunged from his record and all punishments vacated." Then, at the hearing, he argued that he filed his grievances to obtain a copy of his disciplinary record. As a result, it is very difficult to determine the focal point of Whitehead-King's dispute.

Nevertheless, to maintain a K.S.A. 2015 Supp. 60-1501 action, an inmate must assert the deprivation of a constitutional right. *Anderson v. McKune*, 23 Kan. App. 2d 803, 806-07, 937 P.2d 16, *cert. denied* 522 U.S. 958 (1997). To state a claim for relief under K.S.A. 2015 Supp. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49. An appellate court exercises unlimited review of a summary dismissal. 289 Kan. at 649.

Here, the warden offered to provide Whitehead-King with copies of his disciplinary record for the cost of the copies. Whitehead-King declined the offer, stating he wanted to review the originals, and he refused to pay for the copies. The warden's refusal to provide Whitehead-King the original documents is not a constitutionally protected interest. Furthermore, Whitehead-King has failed to "allege shocking and intolerable conduct or continuing mistreatment of a constitutional stature." As a result, summary dismissal of this action was appropriate.

Affirmed.