**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 24 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRYL CARTER, | No. 17-17278 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00003-HSG |
| v. | |
| RASIER-CA, LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted May 15, 2018[**]

Before:    SILVERMAN, BEA, and WATFORD, Circuit Judges.

Darryl Carter appeals pro se from the district court's judgment dismissing

his action alleging Fair Labor Standards Act ("FLSA") and state law claims. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under

Federal Rule of Civil Procedure 12(b)(6). *Landers v. Quality Commc'ns, Inc.*, 771

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 638, 640 (9th Cir. 2015).  We affirm.

The district court properly dismissed Carter's minimum wage and overtime wage claims under the FLSA and California Labor Code (counts I, II, III, VIII, and IX) because Carter failed to allege facts sufficient to state plausible claims for unpaid wages.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and conclusory allegations are not entitled to be assumed true (citation and internal quotation marks omitted)); *Landers*, 771 F.3d at 644-46 (FLSA claim to overtime payments requires allegation that plaintiff "worked more than forty hours in a given workweek without being compensated for the overtime hours" or allegation that plaintiff was not paid minimum wages; conclusory allegations that merely recite the statutory language are inadequate).

The district court properly dismissed Carter's misrepresentation, negligent infliction of emotional distress, and breach of the implied covenant of good faith and fair dealing claims (counts IV, V, VI, and VII) because Carter failed to allege facts sufficient to state plausible claims under California law.  *See Iqbal*, 556 U.S. at 678 (detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action . . . supported by mere conclusory statements, do not suffice" (citation omitted)); *see, e.g.*, *Conroy v. Regents of Univ. of Cal.*, 203 P.3d

1127, 1135-36 (Cal. 2009) (elements of misrepresentation); *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 272 Cal. Rptr. 387, 399-400 (Ct. App. 1990) (requirements for breach of the implied covenant of good faith and fair dealing).

We reject as without merit Carter's contention that the district court should have converted defendants' motion to dismiss to a motion for summary judgment.

**AFFIRMED.**