NOT DESIGNATED FOR PUBLICATION

No. 128,536

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALE M.L. DENNEY,
*Appellant*,

v.

JEFF ZMUDA, SECRETARY OF KANSAS DEPARTMENT OF CORRECTIONS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Labette District Court; FRED W. JOHNSON JR., judge. Submitted without oral argument. Opinion filed August 22, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Christine M. Tortorice*, legal counsel, Kansas Department of Corrections, for appellee.

Before ISHERWOOD, P.J., SCHROEDER and PICKERING, JJ.

PER CURIAM: In this most recent of his many trips before our appellate courts, Dale M.L. Denney timely appeals the district court's dismissal of his K.S.A. 60-1501 petition, wherein he challenged the legality of his continued confinement. After careful review, we agree with the district court that Denney failed to exhaust his administrative remedies; therefore, dismissal of his K.S.A. 60-1501 petition was required. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Denney was convicted in a consolidated jury trial of two counts of aggravated criminal sodomy, two counts of aggravated sexual battery, two counts of aggravated weapons violation, and one count of aggravated battery for acts committed in October 1992 and July 1993. He was given an indeterminate sentence of 36 years to life for one count of aggravated criminal sodomy, one count of aggravated sexual battery, and one count of aggravated weapons violation in 93CR1343 (October 1992 offenses), with a consecutive sentence of 228 months' imprisonment for one count of aggravated criminal sodomy, one count of aggravated sexual battery, one count of aggravated battery, and one count of aggravated weapons violation in 93CR1268 (July 1993 offenses). His convictions and sentences were upheld on direct appeal. *State v. Denney*, 258 Kan. 437, 448, 905 P.2d 657 (1995).

Subsequently, Denney argued his indeterminate sentence in 93CR1343 was subject to conversion under K.S.A. 1993 Supp. 22-3717(f) because his crimes were committed prior to the enactment of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 et seq. (now the revised KSGA, K.S.A. 21-6801 et seq.). Our Supreme Court disagreed. *State v. Denney*, 278 Kan. 643, 647, 101 P.3d 1257 (2004). The Kansas Department of Corrections (KDOC) determined Denney would not be released on parole for his sentence in 93CR1343 until October 1, 2024.

Denney—apparently believing both sentences would be satisfied at the same time—filed a grievance with a KDOC corrections manager on July 10, 2024, asking that he be released onto postrelease supervision in 93CR1268 upon his release onto parole in 93CR1343. Denney sent an emergency grievance to the Secretary of KDOC on July 23, 2024, which was received on July 25, 2024. On August 14, 2024, Denney mailed a K.S.A. 60-1501 petition to the district court for filing, asserting he could not be confined in 93CR1268 after being paroled in 93CR1343. Denney's petition did not mention or

2

include any attachment or response received from the Secretary. The petition was filed on August 16, 2024. The district court dismissed Denney's petition, finding he failed to show he exhausted his administrative remedies prior to filing the petition.

ANALYSIS

When, as occurred here, a district court summarily dismisses a K.S.A. 60-1501 petition, we exercise de novo review. *Denney v. Norwood*, 315 Kan. 163, 175, 505 P.3d 730 (2022). Kansas inmates must exhaust administrative remedies before filing a civil claim against state actors and prison facilities. To seek relief under K.S.A. 60-1501, an inmate must establish that he or she has exhausted available administrative remedies in the original petition. K.S.A. 75-52,138. If an inmate fails to do so, the district court must dismiss the petition. *Boyd v. Werholtz*, 41 Kan. App. 2d 15, 19, 203 P.3d 1 (2008).

Denney essentially argues he exhausted his administrative remedies and continuing to pursue administrative remedies would have been futile because the Secretary did not timely respond to his emergency grievance. He asserts it would not be equitable to strictly hold him to the exhaustion requirements normally applicable to a K.S.A. 60-1501 petition. Specifically, Denney claims the Secretary was required to respond to his emergency grievance within 20 days under K.A.R. 44-15-102(c)(3). Because Denney had not received a response by August 14, 2024, he asserts he was entitled to seek relief under K.S.A. 60-1501. Denney is incorrect.

Under K.A.R. 44-15-102(c)(3): "When an appeal . . . is made to the secretary, the secretary shall then have 20 *working days from receipt* to return the grievance report form to the inmate with an answer." (Emphasis added.) Denney mailed his petition to the district court on August 14, 2024—exactly 20 *calendar* days after his emergency grievance was received by the Secretary. However, the Secretary had 20 *working* days to respond; therefore, a response was not due until August 22, 2024. Denney could not have

3

exhausted his administrative remedies based on the date his petition was mailed (August 14, 2024) or filed (August 16, 2024) because the Secretary had not exceeded the deadline to respond.

Because Denney failed to establish on the face of his K.S.A. 60-1501 petition he exhausted his administrative remedies, his equitable argument that he had constructively exhausted his remedies fails as a matter of fact and law. The district court properly dismissed his petition.

Affirmed.