NOT DESIGNATED FOR PUBLICATION

No. 128,862

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CEDRIC PETERSON,
*Appellant*,

v.

DAN SCHNURR, Warden,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, judge. Submitted without oral argument. Opinion filed November 21, 2025. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Jon D. Graves*, legal counsel, of Kansas Department of Corrections, for appellee.

Before WARNER, C.J., ARNOLD-BURGER and PICKERING, JJ.

PER CURIAM: Cedric Peterson, an inmate at the Hutchinson Correctional Facility, filed a petition under K.S.A. 60-1501 after he was placed in disciplinary segregation for 10 days. The district court summarily dismissed the petition for two independent reasons: It found that Peterson had not shown that he exhausted his administrative remedies before filing the appeal, and it concluded that Peterson's disciplinary segregation did not deprive him of a liberty interest that would support a writ of habeas corpus. Peterson now appeals, contending the district court erred when it found he did not exhaust his administrative remedies. But he does not address the court's alternative ruling on the merits, which is fatal to his appeal. Thus, we affirm the district court's decision.

1

FACTUAL AND PROCEDURAL BACKGROUND

In August 2023, Peterson wanted to go into a portion of the Hutchinson Correctional Facility that required a pat-down search before entry. Peterson's pat-down search was conducted by a female correctional officer. After the search, Peterson placed his hand on the officer's shoulder in an apparently familiar but unthreatening way. As a result of this encounter, Peterson was accused of violating the prison's disciplinary rules.

Peterson and the officer provided different explanations of how this touching occurred. Peterson claimed that he tried to comply with the pat-down search by turning his back to the officer, and she "responded with 'Get Out of My Face'!" Peterson then held his hands up in a nonthreatening manner, and as he was trying to move around her, his hand "dropped and touched [her] on the shoulder." The officer explained that she did not believe that Peterson was trying to hurt her when he touched her on the shoulder. But she said that it "surprised" her when Peterson touched her shoulder in that way.

The prison warden brought an administrative disciplinary proceeding against Peterson. The warden initially alleged that Peterson's action was a battery in violation of K.A.R. 44-12-324, but this allegation was later amended to undue familiarity in violation of K.A.R. 44-12-328. After a disciplinary hearing, which included testimony from Peterson and the correctional officer involved, as well as video footage of the incident, the hearing officer found Peterson had acted with undue familiarity. Peterson served 10 days of disciplinary segregation for the violation.

Peterson attempted to appeal this decision to the Secretary of Corrections. Our appellate record is somewhat unclear as to what took place during that administrative process. Peterson's administrative appeal was apparently cut short, as the record includes a letter from the Kansas Department of Corrections Central Office in Topeka stating that

2

Peterson "failed to follow proper procedures required to appeal [his] disciplinary case." It does not indicate what those procedures were or how Peterson's appeal had fallen short.

When he was unsuccessful in his administrative appeal, Peterson filed a petition for writ of habeas corpus pursuant to K.S.A. 60-1501 in the Reno County District Court. He alleged that his 10-day disciplinary segregation had improperly deprived him of his liberty because he had not touched the correctional officer in a threatening manner.

The district court summarily dismissed Peterson's petition for two reasons. First, the court found that Peterson did not attach proof that he exhausted his administrative remedies as required by K.S.A. 75-52,138; rather, the purported final action "only indicate[d] that the appeal was not properly handled." Second, the court found that Peterson had not shown that his 10-day disciplinary segregation had deprived him of a liberty interest.

DISCUSSION

K.S.A. 60-1501 provides a vehicle for people detained in Kansas to challenge the conditions of their detention through a writ of habeas corpus when those conditions are particularly appalling. But not all petitions filed under this statute require a full trial to consider the merits of the claims asserted. Peterson's case involves two thresholds that a petitioner must meet to warrant a full hearing on their claims:

- First, a petitioner must demonstrate that they have exhausted their administrative remedies—that is, sought meaningful recourse in every step of the administrative process, resulting in a final administrative decision—before petitioning for judicial review of the agency's action. K.S.A. 75-52,138. A petitioner seeking relief under K.S.A. 60-1501 must thus allege that they have exhausted the full administrative process and attach proof of that exhaustion to the petition. If a petitioner fails to

3

make this showing, the district court must dismiss the petition. *Boyd v. Werholtz*, 41 Kan. App. 2d 15, 19, 203 P.3d 1 (2008).

- Second, a petitioner's allegations "must be of shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). Again, if the allegations do not meet this threshold, the petition will be dismissed. 289 Kan. at 648.

The district court here found that Peterson's allegations fell short on both required showings and thus dismissed the petition.

Peterson acknowledges in his appeal that his administrative process was cut off when he sought the Secretary's review and thus the Secretary never reviewed the merits of his arguments relating to his disciplinary segregation. But Peterson asserts that the agency erred when it found that he had not followed the proper avenues for seeking review of his disciplinary action. He argues that the district court should have issued an order seeking a decision by the Secretary instead of summarily dismissing his case.

As we have noted, the record before us is unclear as to the basis for the Department's dismissal of Peterson's administrative action. Peterson has provided documentation from another prison official speculating that the Department may have believed that Peterson's appeal was untimely—a contention Peterson disputes. The Department has provided no further elucidation of its decision beyond the vague language of its letter dismissing Peterson's request for review.

We need not resolve this discrepancy, however, because the district court provided an alternative basis for its dismissal—that Peterson has not alleged deprivation of a liberty interest that can be remedied through a K.S.A. 60-1501 petition. Thus, even if we presume Peterson is correct that he has fully exhausted the administrative process, he

4

must also show the district court erred in dismissing his claim on the merits. He has not done so.

Peterson's arguments on appeal relate only to the district court's exhaustion finding—they do not address the court's separate finding that Peterson's claim does not allege conduct that would support relief under K.S.A. 60-1501. Peterson has thus waived any challenge to that ruling. See *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

And there is ample support for the district court's conclusion. Peterson's petition asserted the warden deprived him of his liberty when he was held in disciplinary segregation for 10 days. But our state's appellate courts have routinely held that disciplinary segregation does not rise to the level of interfering with a constitutionally protected interest; a person who is incarcerated does not have a protected liberty interest in remaining in the general prison population rather than being separated for a limited period of time. *Hardaway v. Larned Correctional Facility*, 44 Kan. App. 2d 504, 505, 238 P.3d 328 (2010) (citing *Murphy v. Nelson*, 260 Kan. 589, Syl. ¶ 9, 921 P.2d 1225 [1996]).

The district court did not err when it ruled that Peterson's 10 days in disciplinary segregation did not implicate a constitutionally protected liberty interest that can be remedied through K.S.A. 60-1501. We affirm the district court's summary dismissal of Peterson's K.S.A. 60-1501 petition on this basis.

Affirmed.